NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS MANUEL RENDON-RENDON | No.   21-70971 |
| Petitioner, | Agency No. A208-084-477 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022**
Pasadena, California

Before:  FRIEDLAND and KOH, Circuit Judges, and KORMAN,*** District
Judge.

Jesus Manuel Rendon-Rendon ("Rendon"), a native and citizen of Mexico,

appeals from the Board of Immigration Appeals' ("BIA") decision affirming an

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

1

Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture ("CAT"). Having reviewed the relevant legal and constitutional questions de novo and the agency's factual findings for substantial evidence, *see Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), we deny Rendon's petition.

**1.** The BIA ruled that Rendon filed his asylum application past the applicable one-year deadline and rejected Rendon's argument that he qualified for an exception to that deadline based on changed country conditions. *See* 8 U.S.C. § 1158(a)(2). In his petition, Rendon merely repeats the conclusory argument he made before the IJ and BIA, that his evidence "establish[es] . . . that the country has devolved in the years since he departed." Rendon makes this claim without citation to the record and also fails to engage with the BIA's reasons for rejecting his changed country conditions argument. Rendon has thus forfeited any challenge that decision. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

**2.** The BIA held that Rendon's claimed membership in a social group comprised of "Mexican nationals who were raised in the United States and later returned to their home country after many years of absence therefrom" could not

2

provide a basis for withholding of removal. Our precedents echo the BIA's conclusion that such a group cannot be defined with the required particularity, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) ("returning Mexicans from the United States" too broad to qualify as a cognizable social group),[1] and, regardless, substantial evidence supports the BIA's determination that Rendon failed to establish, as he must, that such a group is socially distinct, *see Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016).

**3.** The BIA rejected Rendon's argument that he was eligible for withholding based on his membership in a social group comprised of family members of Hector Nava, Rendon's sister's husband's brother, who was allegedly murdered by criminals in Mexico. In so ruling, the BIA adopted the IJ's factual finding that Rendon would not be targeted due to his familial relationship with Nava. That determination of a "lack of a nexus to" Rendon's alleged "protected ground is

---

[1] Rendon contends that by limiting his proposed social group to Mexicans who were "raised in the United States and later returned to their home country after many years of absence," he avoids the overbreadth issue identified in *Delgado-Ortiz*. Rendon, however, was not "raised in the United States." He merely began visiting the United States once a year beginning when he was 13 and moved here permanently, at the earliest, when he was 19 or 20. He also was "absent" from Mexico for less than a decade before the IJ denied his withholding application. Thus, the group in which Rendon claims membership, if defined in a way that would include him, is not materially narrower than the group we rejected in *Delgado-Ortiz*.

3

dispositive of" this "withholding of removal claim[]." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

Rendon fails to meaningfully challenge this ground for denying his claim. He states only that "[t]he [Immigration] Court and the BIA incorrectly determined that the nexus between Petitioner's fear and a protected ground was missing." But Rendon does not provide any argument to support this statement and has thus abandoned his challenge to that finding. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**4.** The BIA affirmed the IJ's denial of CAT relief because Rendon neither "demonstrate[d] that he would be subject to a *particularized threat of torture*" nor established "that such torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (emphasis in original) (quoting *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008)).

Neither of these conclusions was erroneous. The only plausible particularized basis for Rendon's fear would have been his ties to businesses that run afoul of extortionate criminals. Rendon, however, testified that he is not a business owner, and he never claimed he would resume employment in Nava's business upon his return (assuming the business even still exists). Indeed, Rendon

4

testified that there was not "anything about [him] in particular that would make these criminals want to harm [him]."

Substantial evidence also supports the BIA's determination that government officials would not participate in or acquiesce in any torture. *See B.R. v. Garland*, --- F.4th ---, 2022 WL 534349, at *12 (9th Cir. Feb. 23, 2022) (indicating that acquiescence determinations amount to factual findings that are reviewed for substantial evidence). Rendon relies on country conditions evidence to argue otherwise, but we recently rejected such an argument in a case where the petitioner presented similar—sometimes identical—country conditions evidence. *See B.R.*, 2022 WL 534349 at *13.[2] Unlike that case, Rendon attempted to provide specific evidence of acquiescence through his testimony regarding the lack of results produced by the reports made to police regarding Nava's murder and threats Rendon received. Nevertheless, as the IJ observed, that testimony does little to establish acquiescence because there is no evidence that the police did not investigate those crimes and any investigation was likely complicated due to the lack of information the police received regarding the perpetrators' identities.

Rendon also argues that the agency failed to consider his country conditions evidence that would tend to support a finding of acquiescence. Yet both the IJ and

---

[2] The evidence that the court considered in *B.R.*, No. 19-70386, appears in docket entry number 8 at pages 479-813.

BIA explicitly referenced this evidence in discussing Rendon's changed country conditions argument, and it strains credulity to suggest that they quickly forgot or deliberately chose to ignore this same evidence when analyzing Rendon's CAT claim. *Cf. Szonyi v. Whitaker*, 915 F.3d 1228, 1258 (9th Cir. 2019) ("[T]his court generally presumes that the BIA thoroughly considers all relevant evidence in the record.").

**PETITION FOR REVIEW DENIED.**